PER CURIAM.
The Florida Bar filed a five-count complaint against Seidler, a member of the bar. This Court appointed a referee, who, after a hearing, recommended that Seidler be found guilty of violating disciplinary rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglect of a legal matter), and 3-101(B) (practicing law in a jurisdiction where doing so violates the profession in that jurisdiction)[1] and article XI, rule 11.02(4) (trust account rule) of the integration rule. Taking into account the seriousness of Seidler’s misconduct and his previous disciplinary history, the referee recommended that Seidler be disbarred.
Neither side has contested the referee’s report and recommendations.[2] After studying this record, we approve the referee’s findings and recommendations. We therefore disbar Raymond M. Seidler and direct that his name immediately be stricken from the roll of attorneys permitted to practice law in this state. Judgment for costs in the amount of $1,122.91 is hereby entered against Seidler, for which sum let execution issue.
It is so ordered.
ADKINS, A.C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.

. In the Florida Bar v. Seidler, 375 So.2d 849 (Fla.1979), Seidler received a one-year suspension. He later petitioned for reinstatement which this Court granted, conditioned upon payment of costs, 411 So.2d 873. Because Seidler never paid those costs, the reinstatement was never effective.

. Seidler has not responded to communications regarding this case from the bar, from the referee, or from this Court. The bar has received information that he may have left this country.